

FILED & ENTERED

JUL 03 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY castro    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CARL M. LOPEZ,<br><br>                Debtor.<br><br><br>CARL M. LOPEZ<br><br>        Plaintiff,<br><br>  vs.<br><br>STATE OF CALIFORNIA STATE<br>BOARD OF EQUALIZATION<br><br>        Defendant. | Case No. 2:12-bk-16237-RK<br><br>Chapter 7<br><br><br>Adv. No. 2:12-ap-01342-RK<br><br><br>MEMORANDUM DECISION AND ORDER RE: MOTION TO ABSTAIN<br><br><br>Hearing<br>Date:   June 8, 2011<br>Time:  2:30 p.m.<br>Place:  Courtroom 5D<br>          411 W. 4th Street<br>          Santa Ana, CA 92701 |

    This adversary proceeding came on for hearing on June 8, 2011 before the undersigned United States Bankruptcy Judge on the motion of defendant State of California, Board of Equalization, for summary judgment or in the alternative, to abstain. Wendy Vierra, Deputy Attorney General, State of California, appeared for movant State of California, and Michael W. Binning, Law Office of Michael W. Binning, appeared for respondent Carl M. Lopez.

After the hearing, the court indicated its ruling on the motion and directed the State to submit a proposed order with respect to the motion for summary judgment, which it was granting in part and denying in part. By separate order, the court granted in part and denied in part the State's motion for summary judgment. The court further directed respondent to submit a proposed order with respect to the motion for abstention which it was denying. However, counsel for respondent did not submit a proposed order. The court now issues this memorandum decision and order on the motion to abstain.

In this adversary proceeding, respondent seeks a determination of dischargeability of debt that his personal liability for unpaid California sales taxes owed by a non-debtor taxpayer, Hilbrick Construction, Inc., is dischargeable under Section 523(a)(1)(A) of the Bankruptcy Code, 11 U.S.C. In the adversary proceeding, the state has moved for summary judgment or in the alternative, for abstention.

In *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166-1167 (9th Cir. 1990), the Ninth Circuit listed twelve factors to consider whether or not a bankruptcy court should exercise discretionary abstention: (1) effect on efficient administration of the estate; (2) extent to which state law predominates; (3) difficulty or unsettled nature of applicable law; (4) presence of a related proceeding in state court or other nonbankruptcy forum; (5) jurisdictional basis, if any, for claim other than 28 U.S.C. § 1334; (6) degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) substance rather than form of asserted core proceeding; (8) feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) burden on bankruptcy court's docket; (10) likelihood that commencement of proceeding in bankruptcy court involves forum shopping; (11) existence of a right to jury trial; and (12) presence of nondebtor parties. See also, 11 U.S.C. § 1334(c)(1) (statutory basis for discretionary or permissive abstention). (Mandatory abstention under 11 U.S.C. § 1334(c)(2) is not appropriate because the case cannot be timely adjudicated since the debtor lacks the funds to pay the tax in full, which is a jurisdictional prerequisite to contest the tax liability in state court

by filing a tax refund suit. *State Board of Equalization v. Superior Court,* 39 Cal.3d 633, 642-643 (1985), *citing inter alia,* California Constitution, Art. XIII, § 32; *see also,* California Revenue & Taxation Code, § 6933. )

Most of the *Tucson Estates* factors are neutral in the court's view: (1), (3), (4), (6), (9), (10), (11) and (12). This case will have no effect on the efficient administration of the bankruptcy estate. The applicable law is neither difficult nor unsettled as the issues for trial are simple and straightforward relating to whether debtor is a responsible person for filing sales tax returns or the payment of such taxes who willfully failed to pay such taxes under Section 6829 of the California Revenue & Taxation Code. There is no related proceeding in a state court or other nonbankruptcy forum. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case is not a factor. The burden on the bankruptcy court's docket is not likely to be heavy given the lack of complexity or difficulty of the issues. Forum shopping is not a factor because debtor does have the right to institute a debt dischargeability proceeding involving the tax liability. The right to jury trial is not a factor since there is no pending state court proceeding. There are no nondebtor third parties to the proceeding.

Factors (2), (5), (7) and (8) support retention of jurisdiction because debtor may institute a debt dischargeability proceeding regarding the tax liability under 11 U.S.C. § 523(a)(1)(A), and a determination of dischargeability of debt is a core proceeding under 11 U.S.C. § 157(b)(2)(I). The state has a reasonable argument that the substance of debtor's claim is not so much debt dischargeability, but a determination of tax liability under 11 U.S.C. § 505. Thus, in a theoretical sense, the determinations of dischargeability of a tax debt and liability for a tax debt are intertwined, but in a practical sense, the debtor who lacks the funds to pay the tax liability in full to avail himself of his right to litigate in the state court since full payment of the tax liability is a jurisdictional prerequisite to state court litigation has no practical judicial remedy absent the dischargeability litigation in this court. Thus, factor (8) regarding severability is an important factor favoring retention of jurisdiction.

3

In *Matter of Beisel*, 195 B.R. 378, 380 (Bankr. S.D. Ohio 1996), the court listed six factors to consider whether to abstain from judicial review of tax liability under 11 U.S.C. § 505: (1) complexity of the tax issues to be decided; (2) need to administer bankruptcy case in orderly and efficient manner; (3) burden on bankruptcy court's docket; (4) length of time required for trial and decision; (5) asset and liability structure of debtor; and (6) prejudice to debtor and potential prejudice to the taxing authority.

The court finds these factors relevant and instructive, and based on these factors, the court exercises its discretion not to abstain and to retain jurisdiction over debtor's dischargeability claim. The court concludes that factors (1) and (6) in *Biesel* favor retention of jurisdiction and that factors (2), (3), (4) and (5) are neutral. Factor (1) favors retention because the tax issues regarding responsibility and willfulness to impose personal liability for sales taxes are not complex. Factor (6) strongly favors retention because debtor will be prejudiced if the court abstains because he cannot afford to pay the tax in full, which now totals over $57,000, before being allowed to litigate the tax liability in state court, and there will be no prejudice to the taxing authority if the case were litigated in this court. *See Debtor's Schedules,* filed on June 3, 2009 (listing assets of only $21,470 in personal property.) The other factors are neutral. This case will not take much time to try and decide because the issues for trial are not complex, and thus, it should not be much of a burden on the court's docket. The case will not have an impact on the orderly administration of the bankruptcy case, and the debtor's asset and liability structure is not a factor.

///

///

1   Accordingly, for the foregoing reasons, the court denies the state's motion to
2 abstain.
3   IT IS SO ORDERED.
4                                        ###

DATED: July 3, 2012

_____
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM DECISION RE: MOTION TO ABSTAIN** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **July 2, 2012**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

- Victoria C Baker    Victoria.Baker@boe.ca.gov
- Michael W Binning    mbinning@binninglaw.com
- Karen S Naylor (TR)    acanzone@burd-naylor.com, knaylor@ecf.epiqsystems.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Wendy D Vierra    wendy.vierra@boe.ca.gov

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below: